IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHN WILLIAM HERRING, JR.,    )
    )
    Plaintiff,    )
    )
v.    )    CASE NO. 2:24-CV-55-RAH-CSC
    )
JAMES GLENN GOGGANS, et al.,    )
    )
    Defendants.    )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.    INTRODUCTION

Plaintiff John William Herring, Jr., an inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action. Doc. 1. Upon review of the Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A[1], and for the reasons set forth below, the undersigned RECOMMENDS that this case be DISMISSED prior to service of process pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1).

### II.    THE COMPLAINT

Plaintiff brings this action against Judge James Glen Goggans, Sheriff Bill Franklin, and the Elmore County Jail. Doc. 1 at 1, 2, 5–6. He alleges that he is being held in the

---

[1] Because Plaintiff is proceeding *in forma pauperis*, the Court must review his pleading(s) under 28 U.S.C. § 1915(e)(2)(B). Under that statute, the Court is required to dismiss a complaint if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. Similarly, because Plaintiff is a prisoner seeking redress from a governmental entity, officer, or employee, the Court must review his pleading(s) under 28 U.S.C. § 1915A. Under that statute, the Court must dismiss a complaint, or any portion thereof, if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

Elmore County Jail for failure to pay numerous traffic tickets, which he cannot pay because

he is indigent. *Id*. at 2–3, 7. As relief, he seeks immediate release from incarceration and

to instead "be put back on [a] payment plan." *Id*. at 4, 8.

### III.    DISCUSSION

####         a.        Plaintiff's claims are duplicative of prior litigation.

As an initial matter, in his Complaint, Plaintiff notes that he has filed a previous

lawsuit with this Court "dealing with the same or similar facts involved in this action."

Doc. 1 at 1. He claims that case was dismissed "because [he] got out and mail was retrunded

[sic] for bad address." *Id*. The Court takes judicial notice that, on October 30, 2021,

Plaintiff indeed filed a lawsuit in this Court against Judge Goggans and the Elmore County

Jail.[2] *See Herring v. Goggans et al.*, No. 2:21-CV-754-WKW-SRW (M.D. Ala. 2021). In

that case, he once again alleged that he was "being held for a debt" based on unpaid traffic

tickets, which he believed to be illegal. *See id.* (Doc. 1).

However, that case was not dismissed based on a faulty address as Plaintiff

contends. Rather, the case was dismissed with prejudice as to both defendants because (1)

the Elmore County Jail is not a legal entity subject to suit; (2) any declaratory or injunctive

relief against Judge Goggans was improper absent an allegation that he violated a

declaratory decree, declaratory relief was otherwise unavailable, or Plaintiff had an

inadequate remedy at law; and (3) to the extent Plaintiff sought relief pertaining to a

criminal prosecution pending against him in state court, his claims were barred under the

---

[2] *See United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of
its own records and the records of inferior courts." (citation omitted).

*Younger* abstention doctrine. *Id*. (Doc. 4). Because Plaintiff brings virtually identical claims in this action, such claims are due to be dismissed as malicious. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (citations omitted) (explaining that a pleading that "repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of section 1915[(e)(2)(B)(i)] [as] malicious" and holding that the district court did not abuse its discretion in dismissing an action as duplicative of prior litigation containing the same claims but against different defendants).

"District courts are vested with broad discretion in determining whether to dismiss an action as frivolous or malicious under the PLRA's provisions." *Daker v. Ward*, 999 F.3d 1300, 1307 (11th Cir. 2021) (citing *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986)); *see also Slack v. McDaniel*, 529 U.S. 473, 478 (2000) ("Federal courts do . . . retain broad powers to prevent duplicative or unnecessary litigation."). The Eleventh Circuit has expressly held, in agreement with numerous other Circuits, that "a plaintiff's duplicative complaint is an abuse of the judicial process and is properly dismissed without prejudice as malicious under the PLRA." *Id*. at 1308 (collecting other Circuit cases in support). It has further affirmed the dismissal of a complaint as malicious when that complaint contained "essentially the same" allegations and claims as previous actions that remained pending before the district court. *Id*. at 1310 ("Given that [plaintiff] knowingly filed this complaint containing claims duplicative of claims he had already asserted in two other pending civil actions . . . the district court did not abuse its discretion by dismissing this third complaint without prejudice as 'malicious[.]'").

3

Accordingly, because Plaintiff's Complaint contains claims duplicative of those that have already been adjudicated—and dismissed on the merits—in a prior action, this action is due to be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).[3]

**b.      Plaintiff is not entitled to his sole request for relief.**

Second, Plaintiff requests only that he be immediately released from incarceration and "put back on [a] payment plan." Doc. 1 at 4, 8. However, it is well-settled that such relief is not cognizable in a § 1983 action, as "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *see also Mitschell v. Donald*, 213 F. App'x 920, 923 (11th Cir. 2007) ("[T]he district court correctly concluded that [plaintiff's] attempt to use § 1983 to obtain immediate release from prison was improper.") (citing *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) and *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). Accordingly, this action is also due to be dismissed because Plaintiff is not entitled to his sole request for relief.

---

[3] Additionally, given that Plaintiff's claims are virtually identical to those in his prior action, the same substantive deficiencies apply. Plaintiff is once again informed that the Elmore County Jail is not a legal entity subject to suit; he is not entitled to any relief against Judge Goggans based on his allegations; and, to the extent Plaintiff seeks relief pertaining to a criminal prosecution pending against him in state court, such relief is barred under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). Alternatively, Plaintiff's claims are barred under the *Rooker-Feldman* doctrine, which prevents district courts from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Chestnut v. Canady*, 853 F. App'x 580, 581 (11th Cir. 2021) (citations omitted).

IV.   **CONCLUSION**

Because Plaintiff's claims are duplicative of prior litigation and fail on the merits,

and because the Court cannot grant his release in this § 1983 action, the undersigned

concludes that any amendment would be futile. *See Hall v. United Ins. Co. of Am.*, 367

F.3d 1255, 1262–63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend

the complaint . . . when such amendment would be futile.") (citation omitted).

Accordingly, based on the foregoing, the undersigned RECOMMENDS that this

case be DISMISSED prior to service of process pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–

(ii) and 1915A(b)(1).

It is further ORDERED that, on or before **August 16, 2024**, the parties may file

objections to this Recommendation. The parties must specifically identify the factual

findings and legal conclusions in the Recommendation to which objection is made.

Frivolous, conclusive, or general objections will not be considered. The parties are advised

that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and

recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo

determination by the District Court of legal and factual issues covered in the

Recommendation and waive the right of the party to challenge on appeal the District

Court's order based on unobjected-to factual and legal conclusions accepted or adopted by

the District Court except on grounds of plain error or manifest injustice. *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec.,*

*Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206

(11th Cir. 1981) (en banc).

DONE this 2nd day of August, 2024.


/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE